IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY LEE WAUGH, #47088-074,**  )<br>  )<br>        **Plaintiff,**  )<br>   vs.  )<br>  )<br>**M. SCHREIBER, J. LECLAIR,**  )<br>**M. WALLACE, DAN SPROUL,**  )<br>**D. CHRISTENSEN, C. DAVIS,**  )<br>**SARAH BYRAM, KENT RUSHING,**  )<br>**N. SIMPKINS, KATHY HILL,**  )<br>**FEDERAL BUREAU OF PRISONS,**  )<br>**BARBARA VON BLANCKENSEE,**  )<br>**AMBER NELSON, B. PATTIOS,**  )<br>**M. STALLART, RICHARD M. WINTER,** )<br>**MARY NOLAND,**  )<br>**KATHERINE SIEREVELD, and**  )<br>**TRACY KNUTSON,**  )<br>  )<br>        **Defendants.**  ) | Case No. 21-813-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tommy Lee Waugh is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (Doc. 9). He was previously confined at the United States Penitentiary in Marion, Illinois ("Marion") in the Communications Management Unit ("CMU"). While at Marion, Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois. (Doc. 1-1, pp. 9-16). Defendants removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall Act," 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). Plaintiff has not objected to the removal.

Defendants further moved to substitute the United States of America as Defendant. (Doc.

5). This motion will be granted in part and denied in part, for the reasons set forth below.

Plaintiff's Complaint seeks damages and injunctive relief against Defendants for denying Plaintiff access to the BOP's administrative remedy program for resolution of complaints related to his incarceration. As grounds for relief, Plaintiff invokes Illinois law, the First Amendment of the United States Constitution, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). (Doc. 1-1, pp. 13-16).

## REMOVAL

The underlying case was properly removed to this federal judicial district under both the Westfall Act, 28 U.S.C. § 2679, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). For actions such as this one which were commenced in state court, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Southern District of Illinois includes Williamson County, Illinois, where Plaintiff filed his state case. Section 1442(a)(1) allows removal where officers of the United States are sued in their official or individual capacity for acts under color of such office, as Plaintiff does here.

## SUBSTITUTION OF UNITED STATES AS DEFENDANT

Defendants' motion seeks substitution of the United States of America as Defendant, and dismissal of the individual Defendants from the action, at least for those claims that arise under Illinois law and are not construed as *Bivens* claims.[1] (Doc. 5). Plaintiff has not responded to the motion.

The Westfall Act grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See Osborn*, 549

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

U.S. at 230 (citing 28 U.S.C. § 2679(b)(1)). It amended the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id*. at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification[2] "conclusiv[e]…for purposes of removal." *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as defendant in place of the federal employee, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The action is then governed by the FTCA.

This action contains tort claims based on state law (Count 1 for civil conspiracy, Count 4 for negligence, and Count 5 for intentional infliction of emotional distress); a First Amendment claim for money damages (Count 2); and a claim for injunctive relief under the APA (Count 3). (Doc. 1-1, pp. 13-16). Counts 1, 4, and 5 are tort claims based on state law. The United States Attorney's designee certified that all the individual Defendants were federal employees acting within the scope of their federal office or employment at the time of the events giving rise to the Complaint. (Doc. 1-2). Accordingly, the Westfall Act directs that the individual Defendants are immune from those claims, and the United States will be substituted as the sole Defendant for Counts 1, 4, and 5. These claims will be governed by the FTCA.

In Count 2, Plaintiff invokes his First Amendment right to petition the government for redress of grievances. (Doc. 1-1, pp. 14-15). The Court construes this claim as having been brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which recognized a civil

---

[2] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting with the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1-2).

3

damages remedy against federal officers who allegedly violated the plaintiff's federal constitutional rights under the Fourth Amendment. Because a *Bivens* claim is brought against the individual federal actors, substitution of the United States is not warranted for Count 2. The motion to substitute will therefore be denied in part as to Count 2.

Finally, Plaintiff's APA claim in Count 3 is not properly brought against the individual Defendants. The APA provides that "The United States may be named as a defendant in any such action[.]" 5 U.S.C. § 702. An APA claim may also be maintained against a federal agency such as the Bureau of Prisons. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 774-75 (7th Cir. 2011). As Plaintiff has not objected to the motion to substitute, the motion will also be granted for Count 3, for the sake of efficiency.

Because Plaintiff is a prisoner, his Complaint is subject to preliminary merits review pursuant to 28 U.S.C. § 1915A. The Court will conduct this review in a separate Order, which will direct service as appropriate.

### DISPOSITION

Defendants' Motion to Substitute the United States of America as Defendant (Doc. 5) is **GRANTED IN PART** as to Counts 1, 3, 4, and 5. The Clerk of Court is **DIRECTED** to **ADD** the United States as a party for these counts. The individual Defendants are **DISMISSED** from Counts 1, 3, 4, and 5. Defendant Federal Bureau of Prisons is **DISMISSED** from the action.

The motion is **DENIED IN PART** as to the *Bivens* claim in Count 2. The individual Defendants remain in the action as to this count only.

Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  3/24/2022**

                                           *s/ J. Phil Gilbert*
                                           **J. PHIL GILBERT**
                                           **United States District Judge**